The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner William C. Bost and the briefs on appeal. Each side waived oral arguments in this mater. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, or to amend the holding of the prior Opinion and Award. However, pursuant to its authority under G.S. § 97-85, the Full Commission has modified the Opinion and Award with regards to the amount of temporary partial disability compensation to which plaintiff is entitled.
 **********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 17 March 1997 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at the times in question.
3. Defendant-employer is duly qualified and self-insured with Willis Corroon Administrative Services Corporation as the administrator.
4. Plaintiff's average weekly wage is FOUR HUNDRED EIGHTY-SIX AND 71/100 DOLLARS ($486.71) per week from the stipulation of the parties.
5. Defendant admits that plaintiff contracted an occupational disease on or about 23 November 1994 while working as an upholster for defendant.
6. Defendant admits the disease arose out of and in the course of employment and is compensable.
7. Various medical records and other documents have been stipulated into evidence.
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff worked as an upholster for defendant beginning in November, 1991.
2. On or about 23 November 1994 plaintiff developed a right carpal tunnel syndrome/ganglion cyst which defendant accepted as a compensable condition pursuant to a Form 21 entered into by the parties and approved by the Industrial Commission on 7 April 1996.
3. Plaintiff underwent two surgeries on her right hand 22 June 1995 and 6 March 1997 by Dr. Mark McGinnis.
4. Because of plaintiff's hand condition and the doctor's restrictions, defendant switched plaintiff beginning 1 January 1995 to a different job which paid a lower amount per hour, to wit, NINE AND 30/100 DOLLARS ($9.30). Until 1 January 1995 plaintiff was earning an average weekly wage of FOUR HUNDRED EIGHTY-SIX AND 71/100 DOLLARS ($486.71).
5. Plaintiff contends that her temporary partial disability payments for 1995 to the present should be calculated on a week by week basis based on the difference between what she earned for each week beginning 1 January 1995 and her average weekly wage at the time of her injury by accident of $486.71. Defendant contends that plaintiff's current average weekly wage should be used in comparison to her pre-injury average weekly wage to make the calculations required by G.S. § 97-30.
6. Compensation paid pursuant to G.S. § 97-30 is designed to make up the difference between an employee's reduced capacity to earn wages and their pre-injury wage earning capacity. An employee receiving benefits under this section is temporarily partially disabled, the disability being the reduction in their capacity to earn wages. To properly determine an employee's disability under this section, an analysis of wages earned on a weekly basis is required.
7. Plaintiff has submitted a detailed report of her weekly earnings for the period of 3 January 1995 through 31 December 1996 and defendant has submitted supplemental evidence regarding the weeks during this period for which plaintiff earned no wages. For three of the seven weeks, defendant's business was closed for holidays, so plaintiff's inability to earn wages during these weeks was not the result of her injury by accident. Additionally, according to this report, plaintiff earned no wages during the final week of this period. However, based on the entire record of evidence, including the additional evidence provided by defendant, plaintiff earned $411.53 during this week. As for the remaining three weeks, plaintiff's inability to earn wages was the result of her injury by accident.
8. Based on the entire record of evidence, including the supplemental evidence relating to the weeks for which plaintiff earned no wages, the amount of temporary partial disability compensation to which plaintiff is entitled for the period for 3 July 1995 through 31 December 1996 is $7,825.15.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follow:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to temporary partial disability compensation in the amount of SEVEN THOUSAND EIGHT HUNDRED and TWENTY-FIVE AND 15/100 DOLLARS ($7,825.15) for the period 2 January 1995 through 31 December 1996. G.S. § 97-30.
2. Plaintiff is entitled to temporary partial disability compensation for the period beginning 1 January 1997 through the date of this Order, and continuing thereafter on a week-by-week basis and in an amount equal to two-thirds the difference between her average weekly wage at the time of her injury, stipulated as $486.71, and the average weekly wage she is able to earn thereafter, up to a total of 300 weeks from 23 November 1994, or until further orders of the Industrial Commission. G.S. § 97-30.
3. Inasmuch as defendant's defense of this claim was based in reason rather than in stubborn, unfounded litigiousness, plaintiff is not entitled to an attorney's fee pursuant to G.S. § 97-88.1.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay plaintiff temporary partial disability compensation for the period 3 January 1995 to 31 December 1996 in the amount of $7,825.15, and thereafter on a week-by-week basis and in an amount equal to two-thirds the difference between her average weekly wage at the time of her injury, stipulated as $486.71, and the average weekly wage she is able to earn thereafter, up to a total of 300 weeks from 23 November 1994 or until further orders of the Industrial Commission. Such compensation as has accrued shall be paid in a lump sum without commutation, subject to a reasonable attorney's fee hereinafter approved.
2. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due under this Award is hereby approved for plaintiff's counsel. From the amount of compensation which has accrued, this fee shall be deducted from the amounts owed to plaintiff and paid directly to counsel for plaintiff with counsel for plaintiff receiving every fourth check payable to plaintiff thereafter.
3. Defendants shall pay the costs of this action.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ ____________ THOMAS J. BOLCH COMMISSIONER
S/ _____________________ RENÉE C. RIGGSBEE COMMISSIONER